State v. Covel

Appeal dismissed.

Judges ARNOLD and EAGLES concur.

STATE OF NORTH CAROLINA v. HORACE LEON COVEL

No. 832SC1125

(Filed 18 September 1984)

**Criminal Law § 138.7— sentencing—aggravating factors—previous rape of victim —defendant on parole**

In a rape and kidnapping case the trial court properly found as aggravating factors that defendant raped the victim in this case nine years earlier and that he committed these offenses while on parole, and the court could properly consider these factors in determining defendant's sentence, since they were reasonably related to the purposes of sentencing.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 13 May 1983 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 21 August 1984.

Defendant was charged with first degree kidnapping in violation of G.S. 14-39 and first degree rape in violation of G.S. 14-27.2. As the result of a plea bargain under which it was agreed that the prison sentences imposed would run concurrently, defendant pled no contest to second degree kidnapping and second degree rape. The State's evidence tended to show that defendant was guilty of both charges and the court sentenced him to concurrent terms of fifteen years and thirty-five years respectively, whereas the presumptive term for second degree kidnapping is nine years and for second degree rape is fifteen years.

*Attorney General Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*Stephen A. Graves for defendant appellant.*

PHILLIPS, Judge.

The only question presented by this appeal that requires discussion is whether the prison sentences imposed violate the

Fair Sentencing Act. We hold that they do not and affirm the judgment entered.

Preliminary to imposing sentence, the court found two factors in aggravation not specifically listed in G.S. 15A-1340.4(a)(1). One was that the defendant raped the victim of the rape and kidnapping in this case nine years earlier when she was sixteen years old, and the other was that the offenses involved were committed while defendant was on parole. The statute authorizes a sentencing judge to "consider any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing, whether or not such aggravating or mitigating factors are set forth herein." The factual basis for both factors was established by evidence that was not contradicted. The ultimate question, therefore, is whether the factors so found are "reasonably related to the purposes of sentencing," two of which, under G.S. 15A-1340.3, are "to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability," and "to protect the public by restraining offenders."

One of the statutory factors in aggravation deemed by the General Assembly to be reasonably related to the purposes of sentencing is that the offense was committed while the defendant was on pretrial release from another felony charge. G.S. 15A-1340.4(a)(1)(k). That an offense was committed while on parole is equally related to the purpose of sentencing, it seems to us, since in each instance a continuing commitment to crime is indicated, which the public needs to be protected against. And that nine years earlier defendant had terrorized and violated the very same complaining witness in much the same manner greatly increased both the injury that defendant inflicted and his culpability. Again imposing himself on the girl, while holding a knife at her throat, after escaping prosecution the first time, also indicates a cruel and vicious disregard for consequences that the public needs protection against. Thus, it seems quite clear to us that both factors found by the court were "reasonably related to the purposes of sentencing."

Affirmed.

Judges WEBB and JOHNSON concur.